COPY

1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  FRANK D. KORTUM (Cal. Bar No. 110984)
   Assistant United States Attorney
6  Asset Forfeiture Section
        1400 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-5710
        Facsimile: (213) 894-7177
9       E-mail: Frank.Kortum@usdoj.gov

10 Attorneys for
   UNITED STATES OF AMERICA
11

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 IN THE MATTER OF THE SEIZURE OF       CR MISC. NO.    CM 18-0351
   $278,028.88 IN U.S. CURRENCY;
16 $100,828.75 IN ACCOUNT FUNDS          EX PARTE APPLICATION TO EXTEND THE
   FROM BANK OF AMERICA ACCOUNT          CIVIL FORFEITURE COMPLAINT FILING
17 NO.'3623; AND $370,894.69 IN          DEADLINE; MEMORANDUM OF POINTS AND
   ACCOUNT FUNDS FROM BANK OF            AUTHORITIES; DECLARATION OF JESSIE T.
18 AMERICA ACCOUNT NO. '2093.            MURRAY

19                                       [PROPOSED] ORDER LODGED CONCURRENTLY
                                         HEREWITH
20

21       Pursuant to 18 U.S.C. § 983(a)(3)(A), plaintiff United States of

22 America (the "government") respectfully applies to this Court for an

23 order extending from March 6, 2018 to June 4, 2018, the time in which

24 the United States is required to file a complaint for forfeiture

25 and/or to obtain an indictment alleging forfeiture, against the

26 following assets: (A) $278,028.88 in U.S. Currency; (B) $100,828.75

27 in Account Funds from Bank of America Account No. '3623; and

28

1    (C) $370,894.69 in Account Funds from Bank of America Account No.
2    '2093 (the "seized assets").  The Federal Bureau of Investigation
3    ("FBI") seized these assets pursuant to a federal seizure warrant on
4    or about October 12, 2017, within the Central District of California,
5    and thereafter timely commenced administrative forfeiture proceedings
6    against them.  Claimants William Nelson, Ila Nelson, William Woo and
7    Donna Woo (collectively, the "claimants") filed timely administrative
8    claims in those proceedings.

9        This application is made on the ground that good cause exists to
10   extend the complaint filing deadline because requiring an government
11   to file a civil forfeiture complaint would jeopardize an ongoing
12   criminal investigation.  This application is based on the
13   accompanying Memorandum of Points and Authorities and Declaration of
14   Jessie T. Murray, and on such further evidence and argument as the
15   Court may consider in the event a hearing is held on this
16   application.

17       On March 1, 2018, government counsel contacted James W. Spertus,
18   Esq. (counsel for Claimants William Nelson and Ila Nelson); and Eliot
19   F. Krieger, Esq. (counsel for Claimants William Woo and Donna Woo) to
20   request that Claimants stipulate to a 90-day extension of the
21   deadline for filing a civil forfeiture complaint.  Claimants' counsel
22   declined to enter into such a stipulation.  Government counsel
23   accordingly informed claimants' counsel of the government's intention
24   to file this ex parte application.  Claimants' counsel advised of
25   their intent to oppose the application in writing within the seven-
26   day period provided by this Court's Local Rules.  The contact
27   information for claimants' counsel is as follows:
28   - James W. Spertus, Spertus Landes & Umhofer LLP, 1990 S. Bundy

                                  2

1    Drive, Suite 705, Los Angeles, CA 90025, telephone (310) 826-

2    4700, fax (310) 826-4711; email: jm@spertuslaw.com.

3  - Eliot F. Krieger, Schuchert Krieger Truong Spagnola & Klausner,

4    LLP, 444 West Ocean Blvd., Suite 1700, Long Beach, CA 90802,

5    telephone (562) 597-7070; fax (562) 597-7772; email:

6    EKrieger@SKTlawyers.com.

7  Dated: March 6, 2018                NICOLA T. HANNA
                                       United States Attorney
8                                      LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney
9                                      Chief, Criminal Division
                                       STEVEN R. WELK
10                                     Assistant United States Attorney
                                       Chief, Asset Forfeiture Section
11

12                                     FRANK D. KORTUM
                                       Assistant United States Attorney
13
                                       Attorneys for
14                                     UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   STATEMENT OF FACTS**

3

The Federal Bureau of investigation ("FBI") is investigating

4 allegations that Pacific College operated a scheme to defraud both

5 its students and the United States Department of Education ("DofE").

6 Pacific College is a for-profit nursing school located in Costa Mesa,

7 California.   Declaration of Jessie T. Murray ¶ 3.

8

This scheme is alleged to have begun in approximately 2012, and

9 involved, among other things, inflated grades, falsified attendance

10 records, and the issuance of passing grades to failing students.   As

11 part of the scheme, Pacific College is alleged to have falsely

12 represented to DofE that the school's students were making

13 satisfactory academic progress and that the school was therefore

14 eligible to receive Federal Student Aid funds ("FSA funds") from

15 DofE.   Had DofE known the true facts, it would not have released the

16 FSA funds to Pacific College.   Id. ¶ 4.

17

Pacific College is also alleged to have fraudulently withheld

18 FSA funds from students during this same time period.   It

19 accomplished this scheme by creating false records that reflected

20 tuition rates above what the student was actually paying.   Pacific

21 College then submitted these false records to DofE in order to obtain

22 FSA funds that it should have credited to the student based on the

23 tuition actually paid, and then reimbursed the students for tuition

24 at an artificially low rate.   Id. ¶ 5.

25

In October of 2017, the FBI executed search and seizure warrants

26 at Pacific College and seized the assets that are the subject of this

27

28

4

1    application.[1]   The seizure warrant affidavits set forth evidence

2    establishing that the claimants received proceeds of the fraud

3    scheme.  Id. ¶ 6.

4          DofE subsequently imposed conditions on Pacific College's

5    receipt of FSA funds by placing Pacific College on what is known as

6    Heightened Cash Monitoring 2 ("HCM2") status pursuant to 34 C.F.R. §

7    668.162.  Murray Decl. ¶ 6.  "Heightened cash monitoring requires

8    participating institution to disburse FSA funds to students and seek

9    reimbursement from the [DofE], instead of the standard funding

10   protocol under which the [DofE] provides the funds directly to the

11   students."  St. Catherine College, Inc. v. King, No. 16-CV-00113-GNS,

12   2017 WL 1097205 at *1 (W.D. Ky. March 22, 2017).

13         FBI agents and DofE investigators continue to evaluate the

14   extent of Pacific College's fraudulent conduct.  In any given year,

15   over 300 students are enrolled in Pacific College, so the

16   investigators must review a large number of student records and other

17   documents in order to ascertain the scope of a fraud scheme that was

18   ongoing for at least five years.  Many of the student records contain

19   sensitive information about academic performance and financial

20   status.  Thus far, the investigators have received and are analyzing

21   over 2.7 terabytes of evidentiary data (i.e., the equivalent of over

22   one billion pages) in connection with the investigation.  The

23   investigators are diligently reviewing this information, but the

24   investigation is at a relatively early stage and they will need at

25

26

27         [1]  Pursuant to court order, the affidavits in support of both
     the search warrants and the seizure warrants remain under seal.
28   Murray Decl. ¶ 6.

1    least 90 more days to complete it.  Murray Decl. ¶ 7.[2]

2         More importantly, under the Supplemental Rules for Admiralty or

3    Maritime Claims and Asset Forfeiture Actions, any civil forfeiture

4    complaint that the government files must "state sufficiently detailed

5    facts to support a reasonable belief that the government will be able

6    to meet its [preponderance of the evidence] burden of proof at

7    trial."  Supp.R. G(2)(f).  A complaint stating such facts is likely

8    to prematurely disclose the scope and direction of the government's

9    pending criminal investigation, and nullify the court-ordered sealing

10   of the search and seizure warrant affidavits.  Murray Decl. ¶ 8.

11   **II.   THE STANDARD FOR EXTENDING CIVIL ASSET FORFEITURE REFORM ACT
          FILING DEADLINE.**

12

13        The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"),

14   provides that, when an asset is seized for forfeiture and the

15   government opts to commence administrative forfeiture proceedings,

16   the seizing agency must send notice to the owner of the asset within

17   sixty days after the date of seizure.  A person wishing to contest

18   the forfeiture may file a claim with the agency.  18 U.S.C. §§

19   983(a)(1)(A)(I) & 983(a)(2)(A).  The government has 90 days after the

20   submission of a claim to the seizing agency in which to file a

21   complaint for forfeiture.  18 U.S.C. § 983(a)(3)(A).  Here, the

22   current deadline for filing a civil forfeiture complaint is March 6,

23   2018.  The Court may extend this deadline for good cause or by

24   agreement of the parties.  Id.  "[C]ourts have the authority to grant

25

26        [2]  The court in United States ex rel. Singh v. Bradford Regional
     Medical Center, Civil No. 04-186, 2007 WL 7705584 (W.D. Pa. June 6,
27   2007 (W.D. Pa. June 6, 2007) found that similar evidence of diligence
     justified an extension of time for the government to decide whether
28   to intervene in a False Claims Act case.  Id. at *3-4.

1    ex parte applications for time extensions under CAFRA." <u>United</u>

2    <u>States v. Real Property Located at 475 Martin Lane</u>, 545 F.3d 1134,

3    1144 (9th Cir. 2008).

4         While the Ninth Circuit has not specifically defined "good

5    cause" in the context of extending the CAFRA deadlines for filing

6    civil forfeiture complaints, it has generally held that the inquiry

7    into whether good cause to extend a deadline exists "focuses on the

8    reasonable diligence of the . . . party [seeking the extension]."

9    <u>Noyes v. Kelly Services, Inc.</u>, 488 F.3d 1163, 1174 & n.6 (9th Cir.

10   2007).  In addition, Congress and the courts recognize that good

11   cause exists to extend the complaint filing deadline "where the

12   filing of the complaint, which is required to recite the factual

13   basis in some detail, would reveal facts concerning a pending

14   investigation . . . ." <u>United States v. $140,000 in U.S. Currency</u>,

15   No. 06-CV-3247 (NG)(RLM), 2007 WL 2261650 at *9 (E.D. N.Y. Aug. 2,

16   2007)(quoting CAFRA legislative history).[3]   Thus, good cause exists

17   to extend the deadline for filing a civil forfeiture complaint where

18   the government is diligently conducting a criminal investigation, and

19   the filing of a civil forfeiture complaint would prejudice the

20   investigation by disclosing its scope and direction to the subjects

21   of the investigation.  <u>See</u> <u>United States v. $10,160.00 in United</u>

22   <u>States Currency</u>, No. 11-cv-1612 (VLB), 2012 WL 3608578 at *3-4 (D.

23   Conn. Aug. 22, 2012).[4]

24   _____

25        [3]  Congress's recognition in the CAFRA legislative history that
     a civil forfeiture complaint "recite the factual basis in some
26   detail" is an apparent reference to the "sufficiently detail[ed]"
     facts requirement of Supplemental Rule G(2)(f).

27        [4]  Other CAFRA provisions reflect Congress's recognition of the
     important government interest in protecting criminal investigations
28   from premature disclosure.  For example, protection of a criminal

III. **GOOD CAUSE EXISTS TO EXTEND THE CAFRA DEADLINE.**

As discussed above, FBI agents and DofE investigators are continuing their investigation of Pacific College's fraudulent conduct. Murray Decl. ¶ 7. And the Supplemental Rules, which govern civil forfeiture pleading requirements, require that a complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its [preponderance of the evidence] burden of proof at trial." Supp.R. G(2)(f). A complaint stating such facts here would have the effect of prematurely disclosing the scope and direction of the government's pending criminal investigation and likely would nullify the court-ordered sealing of the search and seizure warrant affidavits. Murray Decl. ¶ 8.[5] Because this investigation is at a relatively early stage (id. ¶

_____

investigation is a basis for judicial extension of the deadline for a seizing agency to provide notice of administrative forfeiture under 18 U.S.C. § 983(a)(1)(A)(i). See Harris v. United States, No. 08-1664, 2010 WL 2370757 at *2 (E.D. Pa. June 8, 2010) (citing 18 U.S.C. § 983(a)(1)(D)(v)). Similarly, if a criminal investigation or prosecution is pending at the time the government files a forfeiture complaint, the government is entitled to a stay if "civil discovery will adversely affect the ability of the Government to conduct [the] related criminal investigation or the prosecution of [the] related criminal case." 18 U.S.C. § 981(g)(1). At this stage of the CAFRA process, the "good cause" standard set forth in 18 U.S.C. § 983(a)(3)(A) provides a sufficient basis to extend the complaint filing deadline for the purpose of protecting the pending criminal investigation. $140,000, supra, 2007 WL 2261650 at *9.

[5]    The courts consistently reject attempts to unseal affidavits supporting search and seizure warrants where "unsealing would reveal sensitive information about the [criminal] investigation's nature, scope and direction . . ." (see In re Search Warrants, 221 F.Supp.3d 863, 866 (S.D. Tex. 2016)), particularly where the investigation is at a "relatively early stage." In re Searches and Seizures, No. 08-SW-0361 DAD, 2008 WL 5411772 at *2 (E.D. Cal. Dec. 19, 2008). The government respectfully suggests that $10,160.00, supra, and $140,000, supra, are consistent with the teaching of the cases that reject the premature disclosure of warrant affidavits, particularly when it is considered that a verified civil forfeiture complaint and a warrant affidavit are substantively similar in that both must set forth detailed facts demonstrating probable cause. See generally,

1   7), this Court should extend the deadline for filing a civil

2   forfeiture complaint to June 4, 2018.  See $10,160.00, supra, 2012 WL

3   3608578 at *3-4; $140,000, supra, 2007 WL 2261650 at *9.

4       Claimants may argue in opposition to this application that

5   extending the CAFRA deadline will result in financial hardship to

6   Pacific College.  This assertion, if made, will lack merit.  Any

7   financial hardship that Pacific College faces is primarily due to its

8   HCM2 status.  While Congress recognized that under certain

9   circumstances a court may order the return of seized assets based on

10  specific "hardship" criteria (listed at 18 U.S.C. § 983(f)), those

11  criteria are not satisfied here.  For example, the CAFRA hardship

12  provision excludes from its coverage currency or monetary instruments

13  unless they are "the assets of a legitimate business, which has been

14  seized."  Id. § 983(f)(8)(A).  Here, even if Pacific College is

15  assumed to be a legitimate business, the government has not seized

16  the business itself.  Accordingly, there is no basis for application

17  of CAFRA's hardship provisions here.

18

19  ///

20

21  ///

22

23

24

25

26
    _____
    e.g., United States v. Armstrong, 654 F.2d 1328, 1335 (9th Cir.
27  1981)(search warrant affidavit "sufficiently detail[ed]" to support
    finding of probable cause).

28

1

2    IV.   CONCLUSION

3         For the foregoing reasons, the government respectfully requests

4    that the Court grant this application and extend to June 4, 2018, the

5    time within which the Government is required to file its complaint

6    for forfeiture against the seized currency.

7    Dated: March 6, 2018                 Respectfully submitted,

8                                         NICOLA T. HANNA
                                          United States Attorney
9                                         LAWRENCE S. MIDDLETON
                                          Assistant United States Attorney
10                                        Chief, Criminal Division
                                          STEVEN R. WELK
11                                        Assistant United States Attorney
                                          Chief, Asset Forfeiture Section
12

13                                        FRANK D. KORTUM
                                          Assistant United States Attorney
14
                                          Attorneys for
15                                        UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DECLARATION OF JESSIE T. MURRAY</u>

I, Jessie T. Murray, being duly sworn, hereby say the following is true based upon my personal knowledge and belief:

1.   I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 1995. Presently I am assigned full time to investigation in forfeiture related matters.

2.   I am familiar with the facts and circumstances described herein, and this declaration is based upon the personal knowledge I have derived from conversations and review of reports and what I believe to be reliable information obtained from a variety of sources.   The information contained in this declaration is based upon my personal knowledge and observations, conversations with other law enforcement officers, report of conversations with victims and a review of documents.   The conclusions I have reached are based upon my training and experience, my conversations with other federal and state law enforcement investigators with whom I have discussed this case specifically and the principles related to the investigation of financial crimes in general.   This declaration does not purport to set forth my complete knowledge or understanding of the facts related to this investigation.   Unless specifically indicated otherwise, all conversations and statements described in this declaration are related in substance and in part only.

3.   The FBI is investigating allegations that Pacific College operated a scheme to defraud both its students and the United States Department of Education ("DofE").   Pacific College is a for-profit nursing school located in Costa Mesa, California.   William Nelson is the President of Pacific College.   Ila Nelson and Donna Woo are

1  directors of Pacific College.

2      4.   This scheme is alleged to have begun in approximately 2012,
3  and involved, among other things, inflated grades, falsified
4  attendance records, and the issuance of passing grades to failing
5  students.  As part of the scheme, Pacific College is alleged to have
6  falsely represented to DofE that the school's students were making
7  satisfactory academic progress and that the school was therefore
8  eligible to receive Federal Student Aid funds ("FSA funds") from
9  DofE.  Had DofE known the true facts, it would not have released the
10 FSA funds to Pacific College.

11     5.   Pacific College is also alleged to have fraudulently
12 withheld FSA funds from students during this same time period.  It
13 accomplished this scheme by creating false records that reflected
14 tuition rates above what the student was actually paying.  It
15 accomplished this scheme by creating false records that reflected
16 tuition rates above what the student was actually paying.  Pacific
17 College then submitted these false records to DofE in order to obtain
18 FSA funds that it should have credited to the student based on the
19 tuition actually paid, and then reimbursed the students for tuition
20 at an artificially low rate.

21     6.   In October of 2017, the FBI executed search and seizure
22 warrants at Pacific College and seized the following assets:
23 (A) $278,028.88 in U.S. Currency;  (B) $100,828.75 in Account Funds
24 from Bank of America Account No. '3623; and  (C) $370,894.69 in
25 Account Funds from Bank of America Account No. '2093.  Pursuant to the
26 Court's order, the affidavits in support of the search and the
27 seizure warrants remain under seal.  The seizure warrant affidavits
28 set forth evidence establishing that the Nelsons and the Woos

                                   12

1  received proceeds of the fraud scheme.  DofE subsequently imposed
2  conditions on Pacific College's receipt of FSA funds by placing
3  Pacific College on what is known as Heightened Cash Monitoring 2
4  ("HCM2") status pursuant to 34 C.F.R. § 668.162.

5     7.   FBI agents and DofE investigators continue to evaluate the
6  extent of Pacific College's fraudulent conduct.  In any given year,
7  over 300 students are enrolled in Pacific College, so the
8  investigators must review a large number of student records and other
9  documents in order to ascertain the scope of a fraud scheme that was
10  ongoing for at least five years.  Many of the student records contain
11  sensitive information about academic performance and financial
12  status.  Thus far, the investigators have received and are analyzing
13  over 2.7 terabytes of evidentiary data (i.e., the equivalent of over
14  one billion pages) in connection with the investigation.  The
15  investigators are diligently reviewing this information, but the
16  investigation is at a relatively early stage and the investigators
17  will need at least 90 more days to complete it.

18     8.   A civil forfeiture complaint that sets forth detailed facts
19  will likely cause premature disclosure of the scope and direction
20  ///

22  ///

24  ///

28

13

1   of the government's pending criminal investigation and would nullify

2   the court-ordered sealing of the search warrant and seizure warrant

3   affidavits.

4         I declare under penalty of perjury under the laws of the United

5   States that the foregoing is true and correct to the best of my

6   knowledge.

7         Executed this 5th day of March, 2018 in Santa Ana, California.

8

9

10  Jessie T. Murray
    Special Agent
11  Federal Bureau of Investigation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Ann M. Eberhardy, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, 14th Floor, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on **March 6, 2018**, I deposited in the United States mail at the United States Courthouse in the above-titled action, in an envelope bearing the requisite postage, a copy of: **_EX PARTE APPLICATION TO EXTEND THE CIVIL FORFEITURE COMPLAINT FILING DEADLINE_** and that service was:

☐    Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒    Placed in a sealed envelope for collection and mailing via USPS, addressed as follows:

☐    By hand delivery, addressed as follows:

☐    By facsimile, as follows:

☐    By messenger, as follows:

☒    Sent by E-Mail, as follows:

James W. Spertus, Esq.
Spertus Landes & Umhofer, LLP
1990 South Bundy Drive, STE 705
Los Angeles, California
jm@spertuslaw.com

Eliot F. Krieger, Esq.
Schuchert Krieger Truong Spagnola & Klausner, LLP
444 West Ocean Blvd., STE 1700
Long Beach, California 90802
EKrieger@SKTlawyers.com

at their last known addresses..

This Certificate is executed on **March 6, 2018**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
Ann M. Eberhardy
Senior Paralegal