```
 1 | NICOLA T. HANNA
   | United States Attorney
 2 | LAWRENCE S. MIDDLETON
   | Assistant United States Attorney
 3 | Chief, Criminal Division
   | STEVEN R. WELK (Cal. Bar No. 149883)
 4 | Assistant United States Attorney
   | Chief, Asset Forfeiture Section
 5 |    312 North Spring Street, 14th Floor
   |    Los Angeles, California 90012
 6 |    Telephone: (213) 894-6166
   |    Facsimile: (213) 894-7177
 7 |    E-mail: Steven.Welk@usdoj.gov
 8 | Attorneys for
   | UNITED STATES OF AMERICA
 9 |
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| IN THE MATTER OF THE SEIZURE OF $278,028.88 IN U.S. CURRENCY; $100,828.75 IN ACCOUNT FUNDS FROM BANK OF AMERICA ACCOUNT NO.'3623; AND $370,894.69 IN ACCOUNT FUNDS FROM BANK OF AMERICA ACCOUNT NO. '2093. | CR MISC. NO. 18-00351-SJO<br><br>**DECLARATION OF AUSA STEVEN R. WELK RE: HEARING OF MARCH 30, 2018 AND SUBSEQUENT LODGINGS BY MOVANTS** |
| --- | --- |

Plaintiff United States of America (the "government") hereby submits the attached Declaration of Steven R. Welk.

Dated: April 2, 2018             NICOLA T. HANNA
                                 United States Attorney
                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                 Attorneys for
                                 UNITED STATES OF AMERICA

**DECLARATION OF STEVEN R. WELK**

I, Steven R. Welk, declare:

1.   I am an Assistant United States Attorney for the Central District of California, the Chief of the Asset Forfeiture Section in the Criminal Division, and the direct supervisor of AUSA Frank Kortum.  I am now the lead attorney for the government in the instant matter.  The facts stated herein are within my personal knowledge unless stated otherwise.  To the extent any of the facts set out herein are not within my personal knowledge, I received the information from sources that I believe to be credible and reliable.

2.   I was present at the hearing in this matter on March 30, 2018 (the "Hearing"), and heard the representations made during the Hearing by the attorneys for movants and the government.

3.   I know that the letter of January 18, 2018, that was the subject of extensive discussion during the Hearing, was not submitted with either the moving papers or reply papers of the movants, or the opposition papers filed by the government.  Thus, the letter was not part of the record and was not before the Court.

4.   I first became aware of the existence of the January 18 letter several weeks ago, and had reviewed it and discussed the letter with other members of my office.  We concluded after that review that the letter had no bearing on the government's ongoing, related investigation, and was not relevant to the issues raised in the ex parte application that was the subject of the Hearing.

5.   At the hearing, AUSA Kortum represented, among other things, that the January 18 letter was prepared by a third-party contractor retained by Pacific College.

///

6.   At the end of the Hearing, the Court instructed movants' counsel to lodge a copy of the January 18 letter.  A short time later, at approximately 1:08 pm on March 30, movants' counsel (Mr. Spertus) sent an email to AUSA Kortum, attaching a copy of a Notice of Lodging that in turn attached a copy of the January 18 letter. The email attachment indicated that it had been filed with the Court that day as docket number 11.  The Notice did not include substantive argument by movants' counsel concerning the contents or significance of the letter.

7.   At approximately 5:04 p.m. on March 30, 2018, Mr. Kortum sent an email to this Court's Courtroom Deputy (CRD) (Mr. Cruz) and movants' counsel, attaching a declaration in pleading format entitled "Declaration of Frank D. Kortum Regarding January 18, 2018 Letter" (the "Kortum Declaration of March 30").  Mr. Kortum sent the email only after talking to the Court's relief CRD and obtaining permission to do so.  The email from AUSA Kortum included a representation that the declaration attached to the email would be filed by the government on Monday, April 2, 2018, and was provided to the Court only as a courtesy copy in advance of the expected Monday filing.

8.   The Kortum Declaration of March 30 contained only one substantive paragraph, but that paragraph included argument concerning the January 18 letter.  I, as AUSA Kortum's supervisor, had reviewed the Declaration and removed the argument.  The version of the declaration approved by me was limited to (1) a statement by AUSA Kortum that his representation to the Court at the Hearing to the effect that the January 18 letter had been prepared by a third-party contractor retained by Pacific College had been erroneous; (2) a brief explanation of the basis for his confusion; and (3) an

3

apology for the error.  However, as noted above, the approved declaration was not what was sent to Mr. Cruz or movants' counsel, another error attributable solely to this Office.  Because it had not been approved for filing, the Kortum Declaration of March 30 did not fully and accurately reflect the government's position in this matter.

9.   At approximately 12:04 a.m. on March 31, Mr. Spertus sent an email to the Court's chambers, Mr. Cruz and AUSA Kortum attaching a second Notice of Lodging (docket number 14).  The Second Notice had been filed on March 30.  It contained argument responsive to the Kortum Declaration of March 30 and attached what was purported to be a June 3, 2016 letter from the Department of Education to Pacific College.  This June 3, 2016 letter was neither attached to any of the moving papers in these proceedings, mentioned at the Hearing, nor requested by the Court.  Moreover, it was responsive to something that had not been filed with the Court.

10.   At 1:04 p.m. on March 31, 2018, I sent an email to the Court's chambers and movants' counsel advising that I was assuming responsibility for this matter for all purposes going forward, and that the Kortum Declaration of March 30 was not going to be filed with the Court "on Monday morning or any other time."  I further explained that the argument in the declaration "[did] not express the position of the United States in this matter," and asked that "the Court and counsel disregard the document in its entirety to the extent it [was] perceived as a statement of the government's position in this matter."  Finally, I expressed my intent to file something on April 2 in an effort to clarify the issues concerning the January 18 letter, and expressed my apologies for the confusion caused by the

1   distribution of the Kortum Declaration of March 30.  I would note
2   that the government still had not filed anything since the Hearing.
3       11.  At 2:50 p.m. on March 31, 2018. Mr. Spertus filed another
4   unsolicited Notice of Lodging (docket number 15).  That Notice,
5   purporting to "cure the deficiency" caused by the government not
6   having actually filed the Kortum Declaration of March 30, attached
7   copies of AUSA Kortum's email of March 30, the Kortum Declaration of
8   March 30, and my email of March 31.  Not only had none of these items
9   been lodged or filed by the government, Mr. Spertus had been
10  explicitly advised that not one of them would be filed with the
11  Court.  In the government's view, the lodging of these materials by
12  movant's counsel was gratuitous and unfair, and the government
13  requests that the Notice (docket number 15) and its attachments be
14  stricken from the record and not considered for any purpose.
15      12.  As noted above, the government apologizes for AUSA Kortum's
16  erroneous representation to the effect that the January 18 letter was
17  prepared by a third-party contractor retained by Pacific College, and
18  apologizes to the Court and movants' counsel for the confusion that
19  resulted from that representation.  However, in the government's
20  view, the record in this matter is more clouded than ever due to the
21  post-hearing submission of materials that were either not before the
22  Court at the time argument was presented on those materials (docket
23  number 11); materials that were not even referenced in the filings or
24  at the Hearing (docket numbers 14); and statements that were never
25  filed with the Court, including the government's explicit withdrawal
26  of certain materials (docket number 15).  To the extent the Court
27  desires clarification of any of these issues, and to ensure that the
28  Court is fully and accurately informed on the issues raised in

movants' ex parte application, the government requests leave to respond to the three Notices filed by movants on March 30 and 31.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of April, 2018, at Los Angeles, California.

STEVEN R. WELK

1

<u>PROOF OF SERVICE BY MAILING</u>

2  I am over the age of 18 and not a party to the within action.   I

3  am employed by the Office of the United States Attorney, Central

4  District of California.   My business address is 312 North Spring

5  Street, 14th Floor, Los Angeles, California 90012.

6       On <u>April 2, 2018</u>, I served a <u>DECLARATION OF AUSA STEVEN R.</u>

7  <u>WELK RE: HEARING OF MARCH 30, 2018 AND SUBSEQUENT LODGINGS BY</u>

8  <u>MOVANTS</u> on each person or entity named below by enclosing a copy

9  in an envelope addressed as shown below and placing the envelope

10  for collection and mailing on the date and at the place shown

11  below following our ordinary office practices.

12  **TO:   See Attached Service List**

13  <u> X </u> I am readily familiar with the practice of this office for

14  collection and processing correspondence for mailing.   On the

15  same day that correspondence is placed for collection and

16  mailing, it is deposited in the ordinary course of business with

17  the United States Postal Service in a sealed envelope with

18  postage fully prepaid.

19  <u>   </u> Via Hand Delivery

20  <u> X </u> Via Electronic Mail

21       I declare under penalty of perjury under the laws of the

22  United States of America that the foregoing is true and correct.

23       I declare that I am employed in the office of a member of

24  the bar of this court at whose direction the service was made.

25       Executed on: <u>April 2, 2018</u> at Los Angeles, California.

26

27                                 **TINA KELEGHYAN**

28

**SERVICE LIST**

James W. Spertus
Spertus Landes & Umhofer, LLP
1990 South Bundy Drive
Suite 705
Los Angeles, CA 90025
Jim@SpertusLaw.com


Eliot F. Krieger
Schuchert Krieger Troung Spagnola & Klausner, LLP
444 W. Ocean Boulevard
Suite 1700
Long Beach, CA 90802
EKrieger@SKTlawyers.com